UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| **BRYAN GLYNN**, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:20-cv-12616-SFC-EAS |
| v. | ) |
| | ) Hon. Sean F. Fox |
| | ) Mag.  Elizabeth A. Stafford |
| **VDC, INC.**, dba Capital Cigar | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT

Now comes Defendant VDC, Inc. by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint for Copyright Infringement Defendant hereby states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff BRYAN E. GLYNN ("Glynn") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Glynn's original copyrighted Work of authorship in his Work.

**ANSWER:** Admit that Plaintiff has asserted a cause of action under the Copyright Act in this lawsuit. Deny any liability on the part of Defendant. Deny that Plaintiff has suffered damages, legally cognizable or otherwise.

2. Glynn is a master of lighting with extensive experience in using both natural light and flashes to get spectacular results in any environment. Glynn also is the founder of

1

CigarObsession (at www.cigarobsession.com) and the producer of one of the most popular cigar video review YouTube channels.

**ANSWER**: Defendant is without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore Defendant denies and leaves Plaintiff to his proofs.

3.    Over the years, Glynn has worked in different areas of photography including architecture, weddings, models, landscapes, concerts, sports, and tabletop. Glynn has won many awards, both local and National, and his photographs have been published in magazines and newspapers across the country. Glynn's work can be identified at a glance for its crisp almost 3D look without using HDR; instead he uses off camera flash for dimension and pop, especially in his product work, which produces incredible details and dimension that stand out like a fingerprint for clients.

**ANSWER**: Defendant is without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore Defendant denies and leaves Plaintiff to his proofs.

4.    Defendant VDC, INC. DBA CAPITOL CIGAR ("VDC") is a premium cigar, tobacco and supply wholesaler in Michigan. At all times relevant herein, VDC owned and operated the website located at the URL www.capitolcigar.com (the "Website").

**ANSWER**: Admit that Defendant is a premium cigar, tobacco, and supply wholesaler in Michigan.  Admit that Defendant is the owner of the Website.  Deny that Defendant's personnel were directly responsible for developing or operating the website.

5. Glynn alleges that VDC copied Glynn's copyrighted Work from the internet in order to advertise, market and promote its business activities. VDC committed the violations alleged in connection with VDC's business for purposes of advertising and promoting sales to the public in the course and scope of the VDC's business.

**ANSWER**: Deny.

### JURISDICTION AND VENUE

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

**ANSWER:** Admit that the lawsuit alleges violations of 17 U.S.C. § 501. Deny that Defendant has violated any legally cognizable right of the Plaintiff.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

**ANSWER**: Admit.

8. Defendant is subject to personal jurisdiction in Michigan.

**ANSWER**: Admit.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400_(a) because the events giving rise to the claims occurred in this district, Defendant engaged

in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

**ANSWER**: Admit.

## DEFENDANT

10. VDC, Inc. dba Capitol Cigar is a Michigan Corporation, with its principal place of business at 24625 Halsted Rd., Farmington Hills, Michigan, 48335, and can be served by serving its Registered Agent, Mr. Maysem Sabagh, at the same address.

**ANSWER**: Admit.

## THE COPYRIGHTED WORK AT ISSUE

11. In 2017, Glynn created the photograph entitled 15111 Oladcn000 1, which is shown below and referred to herein as the "Work".



**ANSWER**: Defendant is without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore Defendant denies and leaves Plaintiff to his proofs.

4

12. Glynn registered the Work with the Register of Copyrights on January 21, 2017 and was assigned the registration number VAu 1-271-409. The Certificate of Registration is attached hereto as Exhibit 1.

**ANSWER**: Defendant is without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore Defendant denies and leaves Plaintiff to his proofs.

13. Glynn's Work is protected by copyright but is not otherwise confidential proprietary, or trade secrets.

**ANSWER:** Deny that Glynn's Work is protected under copyright. Admit that Glynn's Work is not otherwise, confidential property, or trade secrets.

14. At all relevant times Glynn was the owner of the copyrighted Work at issue in this case.

**ANSWER**: Defendant is without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore Defendant denies and leaves Plaintiff to his proofs.

## **INFRINGEMENT BY DEFENDANT**

15. VDC has never been licensed to use the Work at issue in this action for any purpose.

**ANSWER:** Deny.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, VDC copied the Work.

**ANSWER:** Deny.

17. VDC copied Glynn's copyrighted Work without Glynn's permission.

**ANSWER:** Deny.

18. After VDC copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its cigar, tobacco and supply wholesale business.

**ANSWER:** Deny.

19. VDC copied and distributed Glynn's copyrighted Work in connection with VDC's business for purposes of advertising and promoting VDC's business, and in the course and scope of advertising and selling products and services.

**ANSWER:** Deny.

20. Glynn's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

**ANSWER:** Deny that Glynn's Work is protected under copyright. Admit that Glynn's Work is not otherwise, confidential property, or trade secrets.

21. VDC committed copyright infringement of the Work as evidenced by the

6

documents attached hereto as Exhibit 2.

**ANSWER:** Deny.

22. Glynn never gave VDC permission or authority to copy, distribute or display the Work at issue in this case.

**ANSWER:** Deny.

23. Glynn notified VDC of the allegations set forth herein on April 21, 2020. To date, the parties have failed to resolve this matter. A copy of the Notice to VDC is attached hereto as Exhibit 3.

**ANSWER:** Admit that Defendant received the Notice, and immediately removed the complained of image from the Website.  Admit that the parties have not resolved this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

24. Plaintiff incorporates the allegations of paragraphs 1 through 23 of this Complaint as if fully set forth herein.

**ANSWER:** Defendant incorporates by reference is Answer to paragraphs 1 through 23 as if full set forth herein.

25. Glynn owns a valid copyright in the Work at issue in this case.

**ANSWER:** Deny.

26. Glynn registered the Work at issue in this case with the Register of Copyrights

pursuant to 17 U.S.C. § 41 l(a).

**ANSWER**: Defendant is without sufficient information upon which to form a belief as to the truth or falsity thereof, and therefore Defendant denies and leaves Plaintiff to his proofs.

27. VDC copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Glynn's authorization in violation of 17 U.S.C. § 501.

**ANSWER:** Deny.

28. VDC performed the acts alleged in the course and scope of its business activities.

**ANSWER:** Deny.

29. VDC's acts were willful.

**ANSWER:** Deny.

30. Glynn has been damaged.

**ANSWER:** Deny.

31. The harm caused to Glynn has been irreparable.

**ANSWER:** Deny.

## **PRAYER FOR RELIEF/JUDGMENT**

Defendant denies that Plaintiff is entitled to the relief sought, or to any relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Lack of originality.

3. Innocent infringer.

4. Fair use.

5. Invalid copyright.

6. Implied license.

7. Statute of limitations.

8. Invalidity or unenforceability of copyright.

9. First use doctrine.

10. License.

11. Estoppel.

12. Waiver.

13. Copyright misuse.

14. Independent creation.

15. Implied license.

16. Failure to mitigate damages.

17. Abandonment.

18. Good faith intent.


Dated: October 21, 2020        Respectfully submitted,
**Falkowski PLLC**

By:/s/ Christopher J. Falkowski
Christopher J. Falkowski (P57019)
50064 Drakes Bay Drive
Novi, MI 48374
Phone (248) 893-4505 x1
Fax: (248) 412-4078
E-Mail: chris@falkowskipllc.com
*Attorney for Defendant*